# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Chinyere Okereke,

        Plaintiff,

v.

Educational Credit Management
Corporation (ECMC),

        Defendant.

Civil No. 12-1802 (JNE-TNL)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court, Magistrate Judge Tony N. Leung, pursuant to United States District Judge Joan N. Ericksen's Order of Reference (Docket No. 10), referring Plaintiff's Motion to Default Defendant (Docket No. 6). For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

Plaintiff filed a Complaint on July 23, 2012, asserting various tort claims against Defendant. (Compl.) The Clerk of Court issued a summons on August 29, 2012. On December 14, 2012, after several months of inactivity in this case, this Court ordered that Plaintiff

> [n]otify defendant or its counsel immediately that it is required to answer or otherwise plead to the complaint or submit a stipulation for an extension of time to answer or otherwise plead within ten (10) days of service of the notice; and (2) [i]f no answer or other pleading is filed by [Defendant] within ten (10) days of service of the notice, plaintiff shall file an application for entry of default or motion for default . . . .

Order, Dec. 14, 2012 (Docket No. 5). On December 21, 2012, Plaintiff moved the Court

to enter default against Defendant. (Docket No. 6.)

On January 4, 2013, Defendant's counsel noticed an appearance and filed a Memorandum in Opposition to Plaintiff's Motion. (Docket Nos. 7, 8.) Defendant argues that (1) it was never served with process in the instant action; (2) Plaintiff failed to comply with the Court's December 14, 2012 Order; and (3) Plaintiff's Complaint fails to state a claim on which relief may be granted. (Docket No. 8 at 1.) Counsel further provided that Defendant "hereby waives further service of the Summons and Complaint and stipulates to the Court's jurisdiction over it" and represented that Defendant's answer or otherwise responsive pleading would be forthcoming within 21 days of its Memorandum. (*Id.* at 3.) On January 18, 2013, District Judge Joan N. Ericksen issued an Order of Reference (Docket No. 10), referring Plaintiff's Motion to Default the Defendant to the undersigned.

A summons and a copy of the complaint must be served on the defendant at the start of a civil action. Fed. R. Civ. P. 4(a)(1)(b), (c)(1). Proof of such service must be made to the court unless the defendant waives service. Fed. R. Civ. P. 4(l)(1). Where "a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Svcs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

In the instant case, nothing in the record shows Defendant was served with either the summons and complaint or notice of Defendant's pleading requirement as directed by the Court's December 14, 2012 Order. According to its January 4 memorandum, Defendant only learned of the present action on December 27, 2012, when it received a

copy of the instant Motion in the mail. Def.'s Mem. in Opp'n at 1. Despite any earlier defects in service, Defendant represented to the Court that it is "ready and willing to defend" itself in this matter. *Id.* at 3. It stipulated to this Court's jurisdiction and committed to "answer or otherwise plead to the Complaint within 21 days." *Id.* The Court notes that Defendant's self-imposed deadline is January 25, 2013.

Based on the foregoing, the memoranda of the parties, and all the files and records herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Default (Docket No. 6) be **DENIED**.


Dated: January 23, 2013          s/ Tony N. Leung
                                 TONY N. LEUNG
                                 United States Magistrate Judge

                                 *Okereke vs. ECMC*
                                 File No. 12-CV-1802 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **February 7, 2013**.