UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chinyere Okereke,

   Plaintiff,

v.

Educational Credit Management Corp.,

   Defendant.

Civil No. 12-1802 (JNE-TNL)

**REPORT AND RECOMMENDATION**

   Chinyere Okerke, P.O. Box 171121, Boston, MA 02117, *pro se* Plaintiff;

   Adam C. Trampe, **Educational Credit Management Corp.**, One Imation Place, Building Two, Oakdale, MN 55128, for Defendant.

This matter is before the Court, Magistrate Judge Tony N. Leung, on Defendant Educational Credit Management Corp.'s ("ECMC") Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 12). The action has been referred to the undersigned magistrate judge for report and recommendation to United States District Judge Joan N. Ericksen under 28 U.S.C. § 636 and Local Rule 72.2(b). The Court heard oral argument on April 3, 2013; Plaintiff Chinyere Okereke appeared *pro se* via telephone, and Adam Trampe appeared on behalf of ECMC. (*See* ECF. No. 26.)

**I. FACTS**

In October 1991, Plaintiff Chinyere Okereke took out a $2,000 loan (the "Stafford Loan") to help pay for her education. (Faircloth Aff. Ex. 1, ECF No. 15.) In July 1994,

1

Plaintiff defaulted on the Stafford Loan. (*See Id.* Ex. 1 at 6-7, ECF No. 15.) Plaintiff's subsequent payment history shows that she paid $94.26 towards the loan in May 1996 when it was held by American Student Assistance/Massachusetts Higher Education Assistance Corporation ("ASA/MHEAC"). (*Id.* Ex. 3, ECF. No. 15.) ASA/MHEAC obtained a default judgment and a writ of execution of money judgment against Plaintiff in March 1998 and January 1999, respectively. (*See* Trampe Aff. Ex. 1, ECF No. 16; *see* Faircloth Aff. Ex. 8, ECF No. 15.) ECMC, a guarantor of federal student loans under the Federal Family Educational Loan Program, received the loan and the default judgment as parts of an assignment of ASA's judgment portfolio in August 2009. (Faircloth Aff. Ex. 4, ECF No. 15.)

On November 5, 2010, the judgment against Plaintiff was vacated for insufficient process, and the case was dismissed in February 2011. (Trampe Aff. Ex. 2 at 2, ECF No. 16.) Both ECMC and the Department of Education have continued to communicate with Plaintiff since the judgment was vacated to try to obtain payment on the outstanding debt. (*Id.* Exs. 7, 8.)

Plaintiff filed the instant action on July 23, 2012, asserting the following claims against ECMC: (1) deprivation of property interest; (2) malicious prosecution; (3) unjust enrichment; (4) "subtle deprivation of liberty of contract;" (5) "deprivation of duty of care;" (6) negligence; (7) intentional infliction of emotional distress; (8) defamation; and (9) deliberate indifference. (Compl. 3-5, ECF No. 1.) ECMC moved to dismiss the action or, in the alternative, for summary judgment, on January 25, 2013, and Judge Ericksen referred the Motion to this Court. (ECF Nos. 12, 19.)

The Court heard oral argument on April 3, 2013; Plaintiff appeared *pro se* via telephone, and Adam Trampe appeared on behalf of ECMC. (Mins. of Mot. to Dismiss Hr'g, ECF No. 26.) The Court granted Plaintiff an extension until April 12, 2013, to file any documents establishing that the debt in question has been paid in full. (*Id.*) The Court also granted ECMC until April 17, 2013, to file a response to Plaintiff's submissions. (*Id.*) On April 12, 2013, Plaintiff filed what she styled as a "Motion to Dismiss the Defendant's Motion to Dismiss," (ECF No. 27)[1], and Defendant filed a responsive memorandum and a supporting affidavit on April 17 (ECF No. 28-29).

## II. ANALYSIS

### A. Standard

A complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief; it "must be concise, and it must be clear." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that [she] has the right [she] claims . . . , rather than facts that are merely

---

[1] The Court interprets Plaintiff's April 12 filing to be a responsive memorandum in accordance with the Court's direction at the April 3 hearing.

consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Twombly*, 550 U.S. at 554-57).

### B. Plaintiff's Complaint Fails to State a Claim

Plaintiff drafted her own complaint and represents herself *pro se*, and accordingly the Court will grant her fillings an appropriate amount of leeway. *See, e.g., Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

#### 1. Deprivation of Property Interest

Plaintiff's first claim is for "deprivation of property interest." Compl. 3, ECF No. 1. Deprivation of property interest, however, is not an independent claim. *See, e.g., Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In the broadest sense, deprivation of a property interest can be the complained-of harm resulting from numerous causes of action, from deprivation of due process, to negligence, to theft. It is not, however, an independent claim for which relief can be granted. Accordingly, Plaintiff's claim for deprivation of property interest must be dismissed.

#### 2. Malicious Prosecution

Plaintiff also asserts a claim for malicious prosecution. To prevail on a claim of malicious prosecution, a plaintiff must show that (1) the underlying suit was brought without probable cause and without reasonable grounds on which to base a belief that the plaintiff would prevail on the merits, (2) the underlying suit was instituted and prosecuted with malicious intent, and (3) the underlying suit terminated in favor of the malicious prosecution plaintiff. *E.g., Williamson v. Guentzel*, 584 N.W.2d 20, 23 (Minn. Ct. App. 1998). Here, the pleadings show that ECMC received an unsatisfied judgment

4

against Plaintiff when it acquired ASA's judgment portfolio and filed suit in an effort to satisfy the unpaid Stafford Loan. Plaintiff has not alleged that ASA/MHEAC—ECMC's predecessor in interest—instituted the earlier suit with malicious intent. Moreover, the earlier suit was not terminated in ECMC's favor—it was dismissed. Because the Complaint does not allege sufficient facts to support a claim of malicious prosecution against ECMC, Plaintiff's malicious prosecution claim must be dismissed.

### 3. Unjust Enrichment

Plaintiff's third claim is for unjust enrichment. To state such a claim, a plaintiff must show that the defendant (1) has knowingly received a benefit (2) to which he is not entitled (3) in circumstances under which retaining the benefit would be unjust. *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) (citing *In re Stevenson Assocs., Inc.*, 777 F.2d 415, 421 (8th Cir. 1985)). Here, Plaintiff has failed to state a claim for unjust enrichment. In this dispute concerning an allegedly unpaid student loan, Plaintiff does not contest the loan's validity; she admits that she took out the loan to help pay education expenses. If Plaintiff has indeed paid the loan as she avers, then ECMC would have received a benefit to which it was entitled. If Plaintiff has not satisfied the loan, then ECMC has not received a benefit. Either way, Plaintiff has failed to set forth any set of facts to support her assertion that ECMC received a benefit to which it was not entitled. Accordingly, Plaintiff's unjust enrichment claim must be dismissed.

### 4. Subtle Deprivation of Liberty of Contract

Plaintiff's fourth claim is for "subtle deprivation of liberty of contract." Compl. 3,

ECF No. 1. As best the Court can interpret the Complaint, Plaintiff alleges that ECMC has unlawfully interfered with her ability to enter into contracts. The Complaint, however, fails to set forth any facts that describe what conduct ECMC engaged in that constitutes such a deprivation or what (if any) contracts ECMC prevented Plaintiff from entering into. Accordingly, the claim must be dismissed.

### 5 and 6. Deprivation of Duty of Care and Negligence

Plaintiff also asserts a claim for "Deprivation of Duty of Care." This claim suggests that her level of sophistication affected the duty that ECMC owed her. Because duty of care is an element in a negligence claim, the Court interprets this as an element of Plaintiff's negligence claim. For the reasons stated below, just as Plaintiff's negligence claim must be dismissed, so too must Plaintiff's independent "Deprivation of Duty of Care" claim be dismissed.

Plaintiff also asserts a claim for negligence. To state claim for negligence, a plaintiff must show that that the named defendant injured her by failing to exercise reasonable care. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). Viewing the facts in a light most favorable to Plaintiff, the Complaint fails to state a negligence claim. Plaintiff seems to assert that her "socio-economic interests" imposed a higher duty of care on ECMC. Compl. 4, ECF No. 1. Any duty that ECMC owed Plaintiff, however, would be based entirely on the loan agreement, and Minnesota does not recognize negligent breach of a contractual duty as a cause of action. *Lesmeister v. Dilly*, 330 N.W.2d 95, 102 (Minn. 1983). Accordingly, because the Complaint is a formulaic recitation of some of the elements necessary to state a negligence claim, the claim must be dismissed.

### 7. Intentional Infliction of Emotional Distress

Plaintiff's seventh claim is for intentional infliction of emotional distress ("IIED"). A successful IIED claim must meet a three-part test: the defendant's conduct must be (1) extreme and outrageous; (2) intentional or reckless; and (3) cause severe emotional distress. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). Minnesota Law requires that the emotional distress complained of be "so severe that no reasonable man could be expected to endure it." *Id.* at 439 (citing Restatement (Second) of Torts § 46 comment j (1965)). The complaint fails to set forth any facts to support an assertion that ECMC's conduct was intentionally or recklessly extreme and outrageous. Plaintiff also fails to allege that ECMC's conduct caused her to suffer severe emotional distress that no reasonable person could endure. The only damages Plaintiff asserts are "immeasurable emotional imbalance." Mem. in Opp'n 8, ECF No. 27. Without more, this is insufficient to recover on an IIED claim. *See id.*, 330 N.W.2d at 440 (noting that claimant's unsupported assertions of throwing up, a stomach disorder, skin rash, and high blood pressure are insufficient to support a claim of emotional distress). Accordingly, Plaintiff's IIED claim must be dismissed.

### 8. Defamation

Plaintiff eighth claim against ECMC is for defamation under Massachusetts law against ECMC. To prevail on such a claim, "a plaintiff must show that the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community, and which either caused economic loss or is actionable without proof of economic loss." *Damon v. Moore*, 520

F.3d 98, 103 (1st Cir. 2008) (citing, *inter alia*, *White v. Blue Cross & Blue Shield of Mass., Inc.*, 809 N.E.2d 1034, 1036 (Mass. 2004)). The Complaint does not set forth any specific facts that ECMC published a false statement capable of damaging Plaintiff's reputation to a third party, or that Plaintiff suffered any economic loss or damage to her business or professional reputation. Accordingly, Plaintiff's defamation claim must be dismissed.

### 9. Deliberate Indifference

Plaintiff ninth and final claim is for deliberate indifference. Deliberate indifference is a claim under § 1983 for violation of a claimant's constitutional rights. *See, e.g., Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). Plaintiff's complaint provides no basis for a claim under § 1983 against ECMC, if one could even exist. Accordingly, the claim must be dismissed.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant ECMC's Motion to Dismiss or in the alternative for Summary Judgment be **GRANTED** as set forth above, and this action be **DISMISSED WITHOUT PREJUDICE.**


Date: May 31, 2013                      s/ Tony N. Leung
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *Okereke v. Educ. Credit Mgmt. Corp.*
                                             File No. 12-cv-1802 (JNE/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court by **June 13, 2013**.